UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-0054 (ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT AND** |
| v. | ) **SENTENCING STIPULATIONS** |
| | ) |
| SCOTT TROY CASTLEMAN, | ) |
| | ) |
| Defendant. | ) |

The United States of America and Scott Troy Castleman (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges him with unlawful possession of unregistered firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871.

2. **Factual Basis**. The defendant agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On March 3, 2016, a federal search warrant was executed at the defendant's residence in Cloquet, Minnesota. Agents found and seized thirty-three (33) commercially

1



SCANNED
MAR 27 2018
U.S. DISTRICT COURT MPLS

manufactured military explosive grenades, identified as M67 fragmentation hand grenades, in the garage of the residence. At the time of the search warrant, the defendant was a Senior Master Sergeant in the United States Air Force, and the superintendent of the 934th Civil Engineering Squadron ("CES")/Explosives Ordnance Disposal ("EOD") in Minneapolis, Minnesota. The grenades seized from his residence were part of a larger number of grenades which had been ordered to be destroyed, and the defendant and other CES/EOD unit members had been tasked with destroying them. The thirty-three (33) grenades seized from the defendant's residence were not destroyed as ordered, but were taken home by the defendant unlawfully and without authorization.

Agents executing the search warrant at the defendant's residence also found and seized other military owned property.

The grenades are "destructive devices," as defined in 26 U.S.C. § 5845(f), and therefore firearms described in 26 U.S.C. § 5845(a). None of the grenades were registered to the defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). The defendant stipulates and agrees that he knowingly possessed the grenades. The defendant stipulates and agrees that he acted voluntarily and that he knew his actions violated the law.

3. **Statutory Penalties**. The parties agree that Count 1 of the Information carries potential statutory penalties of:

    a. a maximum of 10 years' imprisonment;

    b. a maximum supervised release term of 3 years;

    c. a maximum fine of up to $250,000; and

    d. a mandatory special assessment of $100.00.

4. **Waiver of Indictment**. The defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

5. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

6. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement

should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. Base Offense Level. The parties agree that the base offense level is 18 because the offense involved firearms described in 26 U.S.C. § 5845(a). (USSG § 2K2.1(a)(5)).

b. Specific Offense Characteristics. The parties agree that the offense level should be increased by 6 levels because the offense involved between 25 and 99 firearms. (USSG § 2K2.1(b)(1)(C)). The parties agree that the offense level should be increased by 2 levels because the offense involved a destructive device. (USSG § 2K2.1(b)(3)(B)). The parties agree that the offense level should be increased by 2 levels because the offense involved firearms which were stolen. (USSG § 2K2.1(b)(4)(A)). The parties agree that no other specific offense characteristics apply.

c. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG § 3E1.1). The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

d. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the

    Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

  e. <u>Guideline Range</u>. If the adjusted offense level is 25, and the criminal history category is I, the Sentencing Guidelines range is 57 to 71 months of imprisonment.

  f. <u>Fine Range</u>. If the adjusted offense level is 25, the fine range is $20,000.00 to $200,000.00. (USSG § 5E1.2(c)(3)).

  g. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least one but not more than three years. (USSG § 5D1.2(a)(2)).

8. **<u>Sentencing Recommendation and Departures</u>**. The parties reserve the right to make motions for departures from the applicable guideline and to oppose any such motions made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable guideline. Notwithstanding the foregoing, the United States agrees that it will not seek a sentence above 18 months' imprisonment. The defendant is free to advocate for a lower sentence.

9. **<u>Discretion of the Court</u>**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may

not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. USSG § 5E1.3. The defendant agrees to pay the $100.00 special assessment prior to sentencing.

11. **Forfeiture**. The defendant agrees to forfeit to the United States all of the property described in the attached 18-page Appendix entitled "Forfeiture Log." The defendant agrees that the United States may, at its option, forfeit such property through this case or a separate administrative or civil proceeding, waives any deadline or statute of limitations for the initiation of any such proceeding, and abandons any interest he may have in that property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of such property.

12. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

GREGORY G. BROOKER
United States Attorney

Date: 27 MAR 18

BY: CHARLES J. KOVATS, Jr.
Assistant U.S. Attorney
Attorney ID No. 184185CA

Date: 27 MARCH 2018

SCOTT TROY CASTLEMAN
Defendant

Date: 3-27-2018

JOHN R. MARTI, Esq.
MICHAEL ROWE, Esq.
Counsel for Defendant